**Form 149**

UNITED STATES BANKRUPTCY COURT    27 – 23, 25
WESTERN DISTRICT OF PENNSYLVANIA    jhel

In re:                                            :   Bankruptcy Case No.: 09–23023–TPA
                                                   :   Chapter: 13
                                                   :   Issued per the Oct. 8, 2009 Proceeding
                                                   :   Next Hearing Date: N/A

**Ramona M. Russo**
    Debtor(s)

**ORDER OF COURT CONFIRMING PLAN AS MODIFIED
AND SETTING DEADLINES FOR CERTAIN ACTIONS**

***(1.) PLAN CONFIRMATION:***

      IT IS HEREBY ORDERED that upon consent of the Debtor(s), the Chapter 13 Plan dated June 10, 2009 is CONFIRMED as modified at the Plan confirmation hearing. Terms of the Plan not expressly modified by this Order remain in full force and effect. A copy of this Plan was previously mailed to you. *Only those provisions which are checked below apply to this case:*

- ☐   A.   For the remainder of the Plan term, the periodic Plan payment is amended to be $1,189 as of Oct. 2009. Debtor(s)' counsel shall file a motion to amend the income attachment order within five (5) days of the date of this Order.

- ☐   B.   The length of the Plan is increased to a total of months. This statement of duration of the Plan is an approximation. The Plan shall not be completed until the goals of the Plan have been achieved. The total length of the Plan shall not exceed sixty (60) months.

- ☐   C.   Plan confirmation is on an interim basis only as a form of adequate protection. The Trustee is authorized to distribute to secured and priority creditors with percentage fees. *A final plan conciliation conference will be held on at , in . If objections are not resolved, a contested confirmation hearing will be held on at , in .*

- ☐   D.   Plan confirmation is subject to the resolution of all actions to determine the avoidability, priority, or extent of liens; including determination of the allowed amount of secured claims under *11 U.S.C. §506*, disputes over the amount and allowance of claims entitled to priority under *11 U.S.C. §507*, and all objections to claims.

- ☐   E.   The allowed claims of general unsecured creditors shall be paid from available funds on a pro rata basis, which may represent an increase or decrease in the amount projected in the Plan.

- ☐   F.   shall be paid monthly payments of $ beginning with the Trustee's distribution and continuing for the duration of the plan term, to be applied by that creditor to it's administrative claim, budget payments and/or security deposit. These payments shall be at the third distribution level.

- ☐   G.   The claims of the following creditors shall govern as to amount, classification and rate of interest (or as otherwise noted), unless the Debtor(s) successfully objects to the claim: .

- ☑   H.   Additional Terms: Claim No. 2 of UMH Properties, Inc./Port Royal Village shall be paid $242.76 per month.

*(2.)*   ***IT IS FURTHER ORDERED THAT THE FOLLOWING DEADLINES ARE ESTABLISHED:***

**A.**   **Objections to the Plan.** Pursuant to *Fed.R.Bankr.P. 2002(b)*, this Order shall not become final for a period of twenty−five (25) days. Any party in interest with an objection to any provision of this Confirmation Order must file a written objection within that twenty−five (25) day period. Failure to timely object shall be deemed a waiver of all objections and an acceptance of the provisions of this confirmed Plan. The Trustee may disburse funds pursuant to this confirmation order upon it's entry.

**B.**   **Applications to retain brokers, sales agents, or other professionals.** If the Plan contemplates sales of assets or litigation proceeds as a source of funding, Debtor(s) shall file motion(s) to employ the necessary professionals within thirty (30) days hereof.

**C.**   **Review of Claims Docket and Objections to Claims.** Debtor(s)'s counsel (or Debtor(s) if not represented by counsel) must review all proofs of claim within thirty (30) days after the claims bar date. All objections to pre−petition claims shall be filed within ninety (90) days after the claims bar date, thereafter allowing at least thirty (30) days for a response.

**D.**   **Motions or Complaints Pursuant to §§506, 507 or 522.** All actions to determine the priority, avoidability, or extent of liens, all actions pursuant to *11 U.S.C. §§506, 507 and 522* shall be filed within ninety (90) days after the claims bar date.

**E.**   **Filing Amended Plans.** Within ten (10) days after the Bankruptcy Court resolves the priority, avoidability, or extent of a lien, or any objection to claim, the Debtor(s) shall file an amended Plan to provide for the allowed amount of the claim if the allowed amount differs from the amount stated in the plan. Debtor(s) shall also file an amended Plan within thirty (30) days after the claims bar date(s) in the event that no objection is filed and the claim(s) as filed causes the Plan to be underfunded.


*(3.)*   ***IT IS FURTHER ORDERED THAT:***

**A.**   After the claims objection deadline, the Plan shall be deemed amended to conform to the claims filed or otherwise allowed. If the Plan expressly modified the terms of payment to any creditor pursuant to *11 U.S.C. §1322(b)(2)*, nothing in this Order shall be construed to change the payment terms established in the Plan.

**B.**   Any creditor who files or amends a proof of claim shall serve a copy on the Debtor(s) or counsel for the Debtor(s).

**C.**   Any creditor whose payment changes due to variable interest rates, change in escrow, or change in monthly payments, shall notify the Trustee, Debtor(s)' counsel and Debtor(s) at least twenty (20) days prior to the change taking effect.

**D.**   Debtor's counsel must file a fee application in accordance with *L.B.R. 9013 ¶6(b)* before attorney fees in excess of the "no look" provision (including retainer) will be allowed or paid.

**E.**   The Trustee shall file a *Certificate of Default and Request for Dismissal* of the case in the event of a material Plan default. If the default involves failure to make a plan payment the case will result in dismissal without further hearing upon filing and service of an *Affidavit of Default* by the Trustee. The Trustee is not precluded from raising pre−confirmation defaults in any subsequent motion to dismiss.

**F.**   In the event that any order is entered in this case granting relief from the automatic stay to a secured creditor, then the Trustee shall make no further disbursements to any creditor on account of any ***secured claim*** that is secured by the subject property, unless directed otherwise by further Order of Court.


Dated: Oct. 27, 2009                                                            Thomas P. Agresti
                                                                                                United States Bankruptcy Judge


cc:  All Parties in Interest to be served by Clerk in 5 days

# CERTIFICATE OF NOTICE

```
District/off: 0315-2          User: jhel              Page 1 of 1              Date Rcvd: Oct 27, 2009
Case: 09-23023                Form ID: 149            Total Noticed: 10
```

The following entities were noticed by first class mail on Oct 29, 2009.
```
db          +Ramona M. Russo,    P.O. Box 774,    Belle Vernon, PA 15012-0774
12233456    +Belle Vernon Loan & Finance,    750 Tri-County Lane,    Belle Vernon, PA 15012-1987
12297548    +CAPITAL ONE BANK (USA), N.A.,    C/O TSYS DEBT MANAGEMENT (TDM),    PO BOX 5155,
              NORCROSS, GA 30091-5155
12279777    +Elaine Phillips, Tax Collector,    203 Municipal Drive,    Belle Vernon, PA 15012-3549
12233457    +Lynch Weis, LLC,    Attorneys At Law,    1912 Main Street,    Pittsburgh, PA 15215-2715
12233458    +Port Royal Village,    485 Patterson Lane,    Belle Vernon, PA 15012-8301
12287037    +Premier BankCard/Charter,    PO Box 2208,    Vacaville, Ca 95696-8208
12233459    +UMH Sales and Finance Inc.,    Wm J Wyrick c/o Lynch Weiss,    501 Smith Dr-Ste 3,
              Cranberry PA 16066-4133
12423069     Verizon,    P.O. Box 3037,    Bloomington IL 61702-3037
12279778    +Westmoreland County Tax Claim Bureau,    2 North Main Street, Suite 406,
              Greensburg, PA 15601-2417
```

The following entities were noticed by electronic transmission.
NONE.                                                                                              TOTAL: 0

          ***** BYPASSED RECIPIENTS *****
NONE.                                                                                              TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Oct 29, 2009**                   Signature:      *Joseph Speetjens*